United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. HENRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO POLICE DEPARTMENT,<br><br>　　　　　Defendant. | Case No. 14-cv-01624-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Plaintiff Donald Henry, proceeding pro se, alleges that the San Francisco Police Department violated his Fourth Amendment rights and subjected him to false arrest. Now pending before the Court is Defendant's Motion to Dismiss his Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 6.) Plaintiff did not appear for the hearing on the motion on June 19, 2014. Having considered the parties' submissions, the Court GRANTS Defendant's Motion to Dismiss with leave to amend.

**BACKGROUND**

Plaintiff's Complaint alleges that the "actions of the San Francisco Police Department violated my Forth [sic] Amendment rights on arrest without probable cause and harrassment [sic]." (Dkt. No. 1 at 1:15-17.) The Complaint does not identify any particular incidents by date, but contends that "these arrest started in 2009 and are on going and need final judgement [sic]." Plaintiff alleges that he has experienced "a pattern of harrassment [sic], police misconduct, tactics of buy/bust that border on entrapment, and just being dehumanized." (*Id*. at 1:21-22.) Plaintiff further alleges that on one particular occasion he was walking on Sixth Street and a police officer asked him if he had a beer, when he said no, the officer asked for his I.D. and told him that he had a $35,000 warrant outstanding. Plaintiff does not specify the date on which this incident occurred.

Plaintiff alleges "these tactics of the SFPD police which caused me some mental health issues" and "resulted in loss of employment/income, health issues and overall wellness." (*Id*. at 2:32-34.) Along with his Complaint, Plaintiff submitted documents which appear to relate to his arrest in 2010 for sale of a controlled substance to a police officer. (Dkt. No. 1 at 3-12.)

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Under Federal Rule of Civil Procedure 8(a) (2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (internal citations and quotations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

Pro se pleadings are generally liberally construed and held to a less stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that

2

"[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id*. at 342 (internal quotations and citations omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Defendant has moved to dismiss under Rule 12(b)(6) contending that Plaintiff has failed to state a claim for false arrest under 42 U.S.C. § 1983 and any state law claim is barred as failing to comply with the claim presentation requirements. Plaintiff's opposition is six lines long and contends that the police have a duty to respond to his motions and "the police have breached their duties based on me being falsely arrested andnot [sic] responding to any of my communications regarding this matter the freedom of information is law." (Dkt. No. 11 at 1:13-16.)

**A. Plaintiff's Section 1983 Claim**

Plaintiff alleges that he is "suing for violations of my forth [sic] amendment rights pursuant to 42 U.S.C. Section 1983." (Dkt. No. 1 at 2:39-41.) To state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Here, Plaintiff's allegations are insufficient under both prongs.

First, although the Complaint suggests that Plaintiff is alleging a Fourth Amendment claim for false arrest, Plaintiff has failed to allege sufficient facts to support such a claim. "To prevail on his § 1983 claim for false arrest and imprisonment, [Plaintiff] would have to demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Here, the Complaint includes allegations regarding an incident where

3

Plaintiff was stopped by a police officer on Sixth Street and the attached documents appear to show that he was arrested in 2010 for attempting to sell a controlled substance to a police officer. It is unclear if these are two separate incidents and there are no allegations as to the disposition of either encounter. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal"). As alleged, there is no basis for the Court to infer either that Plaintiff was arrested during the encounter referenced in the Complaint, or that there was insufficient probable cause to justify the arrest referenced in the attached documents

Second, Plaintiff must plead that the constitutional violation was committed by a person acting under color of law. Here, Plaintiff has not included any allegations as to a particular San Francisco Police Department officer, but instead, names the San Francisco Police Department generally. While a "person" for purposes of § 1983 includes municipalities, such entities cannot be held accountable for their employees' acts under a respondeat superior theory. *Monell v. Dep't of Social Serv*., 436 U.S. 658, 690 (1978). Municipal liability under *Monell* may be established in any of three ways: (1) "the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;" (2) "the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official governmental policy;" or (3) "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).

Plaintiff's allegation that he has been subject to "pattern of harassment [sic], police misconduct, tactics of buy/bust that border on entrapment" is insufficient to state a claim under *Monell*. The Ninth Circuit recently clarified the pleading standard for a *Monell* claim:

> First, …[the] allegations in a complaint or counterclaim may not

4

> simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

*AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Here, Plaintiff has not included specific information regarding any of his encounters with the San Francisco Police Department such that the Court could infer that he was subject to false arrest pursuant to a formal governmental policy or a longstanding practice or custom.  The one particular encounter alleged in the Complaint where he was asked for his identification while walking on Sixth Street is not alleged to have ended in an arrest, nor are there allegations of other specific incidents which would give rise to an inference regarding a pattern of conduct.

Accordingly, Defendant's motion to dismiss the Section 1983 claim is granted with leave to amend to include sufficient factual allegations to both provide fair notice of Plaintiff's claims and demonstrate an entitlement to relief.

**B.  Plaintiff's State Law Claims**

The California Tort Claims Act provides that public entities and employees are liable in tort only to the extent provided by statute.  Cal. Gov't Code § 815.  Prior to bringing suit for a claim for money damages, Plaintiff must present a timely government claim to the public entity, subject to exceptions not relevant here.  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 737 (2007).  "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity*."*  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004).

Thus, to the extent that Plaintiff alleges a state law claim for false arrest or any other tort, he must first present his claim to the public entity.  *See Elder-Evins v. Casey*, No. 09-05775, 2011 WL 337791, at *5 (N.D. Cal. Jan. 31, 2011) (granting motion to dismiss false arrest claims where plaintiff failed to allege compliance with the Tort Claims Act); *Stewart v. Morris*, No. 10-04106, 2010 WL 4973634, at *5 (N.D. Cal. Dec. 1, 2010) (dismissing false arrest claim as time barred

under the Tort Claims Act). The Complaint does not allege that Plaintiff submitted a claim to the City of San Francisco prior to filing this lawsuit. Accordingly, as alleged, Plaintiff's state law claims are barred by the Tort Claims Act and Defendant's motion to dismiss is granted. Plaintiff will be granted leave to amend his state law claim(s) to allege compliance with the Tort Claims Act.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is GRANTED. (Dkt. No. 6.).

Plaintiff may file a First Amended Complaint within 30 days from the date of this order. In his amended complaint, Plaintiff shall identify each claim clearly and state the specific facts supporting each claim in accordance with this Order. Plaintiff is warned that his failure to file an Amended Complaint by this deadline will result in judgment in Defendant's favor.

The Court directs Plaintiff's attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-8982, for free legal advice regarding his claims.

**IT IS SO ORDERED.**

Dated: June 19, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge