UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. HENRY,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO POLICE DEPARTMENT,<br><br>    Defendant. | Case No. 14-cv-01624-JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 16 |

Plaintiff Donald Henry, proceeding pro se, alleges that the San Francisco Police Department violated his Fourth Amendment rights and subjected him to false arrest. Now pending before the Court is Defendant's Motion to Dismiss his First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16.) Having considered the parties' submissions, the Court concludes that oral argument is not necessary, *see* Civ. L.R. 7-1(b), VACATES the August 21, 2014 hearing, and GRANTS Defendant's Motion to Dismiss. Plaintiff has again failed to sufficiently identify the arrests at issue and to allege facts that give rise to a plausible inference of a lack of probable cause.

**BACKGROUND**

Plaintiff filed this civil action pro se alleging that Defendant, the San Francisco Police Department, violated his Fourth Amendment rights and arrested him without probable cause and harassed him. The complaint did not identify any particular incidents by date, but contended that the arrests began in 2009 and were on-going, and he had he had experienced "a pattern of harassment [sic], police misconduct, tactics of buy/bust that border on entrapment, and just being dehumanized." (Dkt. No. 1 at 1:21-22.) He then alleged:

> I was walking on Sixth Street when a police officer asked me was that a beer that I had in my hand, my response was no, his response was for my i.d. which after that he informed me that I have a 35,000 dollar warrant issued for my arrest. I asked the officer why he did not come to my address which is one block away if I was not being stopped and frisked, it would be for unlawful sale or purchase of a controlled substance, all of these situations were a block away from my home I felt that I was on their radar each time I walked the streets.

(Dkt. No. 1 at 1-2.) Along with his complaint, Plaintiff submitted documents which appeared to relate to his arrest in 2010 for sale of a controlled substance to a police officer. (Dkt. No. 1 at 3-12.) He also submitted a document that appears to reflect that a charge of 11352(A)(distribution of a controlled substance) was dismissed in April 2013 due to the age of the case. (Dkt. No. 1 at 12.) He also submitted psychotherapy notes from 2010 and 2011. (Dkt. No. 1 at 19-24.)

The Court granted Defendant's motion to dismiss the complaint as Plaintiff failed to state a claim for false arrest under 28 U.S.C. § 1983 and his state law claims were barred by the California Tort Claims Act. (Dkt. No. 14.) Plaintiff was granted to leave to amend his complaint to include specific factual allegations to support his claims and demonstrate entitlement to relief.

Shortly thereafter, Plaintiff filed his First Amended Complaint ("FAC") which reattaches his original complaint and all the documents previously submitted. The cover page to the FAC states:

> I would like to refile my first amendment complainty [sic] for violations of my forth [sic] amendment amendment [sic] rights of false arrest without probable cause, and harrasment [sic] based on Heck vs. Humphreys. I am identifying each case the court ordered with dates and outcomes as highlighted on all attachments. 1. 9-8-2010 consumption of alcohol on public street. 2. Forth [sic] Amendment rights violation on false arrest without probable cause and harrasment [sic] based on Heck vs. Humphrey. 3. See attachments regarding loss of ability to gain employment. 4. Heck vs. Humphrey 512 U.S. 477, 486-87 (1994) to challenge unconstitutional conviction or arrest. 5. Based on my history with the San Francisco Police [illegible] the intentions of the police knowing I had a 35,000 warrant was the pretext to harrass [sic] me.

(Dkt. No. 15.) The only new documents attached to the FAC are (1) flyers regarding San Francisco's "Fair Chance" campaign, and (2) what appears to be Plaintiff's criminal history print-out from June 27, 2014. (Dkt. No. 15, pp. 5-6, 30-31.)

Defendant has again moved to dismiss contending that the FAC fails to state a claim upon which relief can be granted. (Dkt. No. 16.) Plaintiff thereafter filed a document entitled "Attachments to Amended Complaint" which includes documents relating to an arrest in 2007 and another in 2010. (Dkt. No. 17.) Plaintiff has not otherwise filed an opposition to the motion to dismiss.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Under Federal Rule of Civil Procedure 8(a)(2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (internal citations and quotations omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

Pro se pleadings are generally liberally construed and held to a less stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Id.* at 342 (internal quotations and citations omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added)).

**DISCUSSION**

Defendant moves to dismiss under Rule 12(b)(6) contending that (1) Plaintiff again fails to state a claim for false arrest under 42 U.S.C. § 1983 and any claim he might make would be time-barred based on the evidence submitted, and (2) any state law claim is barred as failing to comply with the claim presentation requirements. Plaintiff did not file an opposition to the motion to dismiss, but did file a document entitled "Attachments to Amended Complaint" shortly after Defendant filed its motion to dismiss; the Court will construe the "Attachments" as his opposition brief. It states: "All information provided in attachments are related to all cases related to my claims, i.e., dates of arrests, where arrest happened, officers involved, and any pertinent information pursuant to resolution of the his matter, all other information has been provided to the

1  courts." (Dkt. No. 17.)   The documents attached appear to relate to an arrest in 2007 and another in 2010, neither of which resulted in a conviction.  (Dkt. No. 17, pp. 2-10.)

### A. Plaintiff's Section 1983 Claim

To state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  The Court's prior order concluded that Plaintiff's allegations were insufficient under either prong.

With respect to the first prong "[t]o prevail on his § 1983 claim for false arrest and imprisonment, [Plaintiff] would have to demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).  With his amended complaint and the documents attached to his opposition brief, Plaintiff proffers documents suggesting that his March 27, 2007 arrest was dismissed for lack of evidence and his June 8, 2010 arrest was dismissed in 2013 by the district attorney based on "age of case."  (Dkt. No. 17 pp. 2-3, 10.)  His original and amended complaint also vaguely refer to a September 2010 arrest for possessing alcohol in public and implies that this arrest too did not result in a conviction.  Plaintiff thus appears to argue that the lack of a conviction establishes that there was no probable cause for the arrest.  Plaintiff is wrong.

To make a valid claim for false arrest, the plaintiff "must plead facts that would show [defendant] ordered or otherwise procured the arrests and the arrests were without probable cause." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe that the suspect had committed a crime." *March v. Twin Cities Police Authority*, (N.D. Cal. 2014) (internal quotation marks and citation omitted).  Here, Plaintiff has failed to allege any facts that suggest why he believes he was arrested without probable cause on any occasion, let alone facts that support a probable inference that he was in fact arrested without probable cause.  He has simply attached progress notes from psychotherapy visits in 2009, his criminal history, and what appear to be

5

disposition reports for his 2007 and 2010 arrests. These attachments do not provide any information about what precipitated the police officer's initial contact with Plaintiff or information regarding what happened during Plaintiff's interaction with the police officer(s). Without allegations as to these matters, Plaintiff has not pled sufficient facts from which the Court could infer that there was insufficient probable cause for his arrest. Just because he was not convicted does not mean the police lacked probable cause for the arrests.

It also remains unclear which arrests he is challenging, and his criminal history merely muddies the record further. This lack of clarity is significant because claims based on many of the arrests appear time-barred. "Section 1983 does not contain its own statute of limitations. Without a federal limitations period, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citation omitted). In California, the statute of limitations for personal injury actions is two years. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers*, 174 F.3d at 991 (citation omitted). Here, Plaintiff alleges a pattern of harassment and unlawful arrest by the San Francisco Police Department, but the specific incidents he references occurred in 2007 and 2010—well beyond the two year statute of limitations. Further, while criminal charges were pending for at least one of the arrests until 2013, the statute of limitations is likely not tolled during that period. *See Wallace v. Kato*, 549 U.S. 384 (2007). Accordingly, Plaintiff's claims appear barred by the statute of limitations.

Finally, Plaintiff still has not alleged that the constitutional violation was committed by a person acting under color of law. Plaintiff has not included any allegations as to a particular San Francisco Police Department officer, but instead, names the San Francisco Police Department generally. Plaintiff's opposition brief states that the attached documents indicate the "officers involved," but the Court did not discern any such information in attached documents. (Dkt. No. 17 at 1:17.) While a "person" for purposes of § 1983 includes municipalities, such entities cannot be held accountable for their employees' acts under a respondeat superior theory. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690 (1978). Plaintiff has not included specific information

regarding any of his encounters with the San Francisco Police Department such that the Court could infer that he was subject to false arrest pursuant to a formal governmental policy or a longstanding practice or custom as would be required to establish *Monell* liability.

### B. Plaintiff's State Law Claims

Notwithstanding the Court's dismissal of Plaintiff's state law claims for failure to allege that he presented his claim to the public entity in compliance with the California Tort Claims Act, Plaintiff has failed to allege *any* new facts regarding his state law claims, including compliance with the presentation requirement. *See Elder-Evins v. Casey*, No. 09-05775, 2011 WL 337791, at *5 (N.D. Cal. Jan. 31, 2011) (granting motion to dismiss false arrest claims where plaintiff failed to allege compliance with the California Tort Claims Act); *Stewart v. Morris*, No. 10-04106, 2010 WL 4973634, at *5 (N.D. Cal. Dec. 1, 2010) (dismissing false arrest claim as time barred under the California Tort Claims Act). Plaintiff was warned that his amended complaint must allege compliance with the California Tort Claims Act; because Plaintiff has not done so his state law claims are dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (Dkt. No. 16) is GRANTED.

Plaintiff's state law claims are dismissed with prejudice as barred by the California Tort Claims Act.

Plaintiff's Section 1983 claim is (or claims are) dismissed without prejudice. Plaintiff is granted to leave to amend his Section 1983 false arrest claim one final time. If Plaintiff elects to file a second amended complaint, he must provide detailed factual allegations support his claim. He shall:

(1) identify, by date, each incident of false arrest. He may not rely on documents attached to his amended complaint; instead, his amended complaint must identify in the text each and every arrest which he is challenging in this lawsuit.

(2) allege facts sufficient to support a plausible inference that he was arrested on each challenged occasion without probable case. This requirement means that in the text of

7

the amended complaint he must explain the facts that support his belief that the arresting officer did not have probable cause and, to the extent he is able to do so, identify the arresting officer.

(3) allege facts sufficient for the Court to infer that his claims are not barred by the statute of limitations.

If Plaintiff elects to file a second amended complaint, he must do so on or before September 11, 2014. Plaintiff is reminded that he may contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-8982, for free assistance regarding his claims. Plaintiff is warned that his failure to file a second amended complaint by September 11, 2014 will result in dismissal of his section 1983 claim with prejudice.

The case management conference scheduled for August 21, 2014 is continued to November 13, 2014 at 1:30 p.m. This Order disposes of Docket No. 16.

**IT IS SO ORDERED.**

Dated: August 18, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

8