UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. HENRY,<br>    Plaintiff,<br>v.<br>SAN FRANCISCO POLICE DEPARTMENT,<br>    Defendant. | Case No. 14-cv-01624-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 22 |

Plaintiff Donald Henry, proceeding pro se, alleges that the San Francisco Police Department violated his Fourth Amendment rights and subjected him to false arrest. The Court has twice previously dismissed Plaintiff's complaints for failure to state a claim upon which relief could be granted. Now pending before the Court is Defendant's Motion to Dismiss his Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16.) Having considered the parties' submissions, and having given the parties the opportunity for oral argument on October 30, 2014, the Court GRANTS Defendant's Motion to Dismiss. Because Plaintiff has been granted multiple opportunities to amend his complaint to state a cognizable claim, but has again failed to do so, the Court finds that further leave to amend would be futile and dismisses the lawsuit with prejudice.

**BACKGROUND**

Plaintiff filed this civil action pro se alleging that Defendant, the San Francisco Police Department, violated his Fourth Amendment rights and arrested him without probable cause and harassed him. The complaint did not identify any particular incidents by date, but contended that the arrests began in 2009 and were on-going, and he had experienced "a pattern of harassment

1  [sic], police misconduct, tactics of buy/bust that border on entrapment, and just being

2  dehumanized." (Dkt. No. 1 at 1:21-22.)  He then alleged:

> I was walking on Sixth Street when a police officer asked me was that a beer that I had in my hand, my response was no, his response was for my i.d. which after that he informed me that I have a 35,000 dollar warrant issued for my arrest. I asked the officer why he did not come to my address which is one block away if I was not being stopped and frisked, it would be for unlawful sale or purchase of a controlled substance, all of these situations were a block away from my home I felt that I was on their radar each time I walked the streets.

(Dkt. No. 1 at 1-2.)  Along with his complaint, Plaintiff submitted documents which appeared to relate to his arrest in June 2010 for sale of a controlled substance to a police officer.  (Dkt. No. 1 at 3-12.)  He also submitted a document that appears to reflect that the charge of 11352(A) (distribution of a controlled substance) was dismissed upon the District Attorney's motion in April 2013 due to the age of the case.  (Dkt. No. 1 at 12.)  He also submitted psychotherapy notes from 2010 and 2011.  (Dkt. No. 1 at 19-24.)

The Court granted Defendant's motion to dismiss the complaint as Plaintiff failed to state a claim for false arrest under 28 U.S.C. § 1983 and his state law claims were barred by the California Tort Claims Act.  (Dkt. No. 14.)  Plaintiff was granted to leave to amend his complaint to include specific factual allegations to support his claims and demonstrate entitlement to relief.

Shortly thereafter, Plaintiff filed his First Amended Complaint ("FAC") which reattached his original complaint and all the documents previously submitted.  The cover page to the FAC stated:

> I would like to refile my first amendment complainty [sic] for violations of my forth [sic] amendment amendment [sic] rights of false arrest without probable cause, and harrasment [sic] based on Heck vs. Humphreys. I am identifying each case the court ordered with dates and outcomes as highlighted on all attachments. 1. 9-8-2010 consumption of alcohol on public street. 2. Forth [sic] Amendment rights violation on false arrest without probable cause and harrasment [sic] based on Heck vs. Humphrey.  3. See attachments regarding loss of ability to gain employment. 4. Heck vs. Humphrey 512 U.S. 477, 486-87 (1994) to challenge unconstitutional conviction or arrest. 5. Based on my history with the San Francisco Police [illegible] the intentions of the police knowing I had a 35,000 warrant was the pretext to harrass [sic] me.

1   (Dkt. No. 15.)  The only new documents attached to the FAC were (1) flyers regarding San

2   Francisco's "Fair Chance" campaign, and (2) what appeared to be Plaintiff's criminal history

3   print-out from June 27, 2014.  (Dkt. No. 15, pp. 5-6, 30-31.)

4   After Defendant moved to dismiss, Plaintiff filed "Exhibits re Amended Complaint."  (Dkt.

5   No. 17.)  The exhibits appear to refer to Plaintiff being arrested on March 24, 2007 for some

6   unknown reason, that but that the charges were discharged three days later for lack of evidence.

7   (Dkt. No. 17 at 2.)  Further, there are also minutes from the San Francisco Superior Court

8   suggesting that in April 2010 certain criminal charges against Plaintiff were dismissed (Dkt. No.

9   17 at 3-5), as well as a printout suggesting certain charges were dismissed in November 2009.  (*Id.*

10  at 6.)  Finally, he submitted a "request for records" from the San Francisco Superior Court stating

11  that no records are available related to his June 8, 2010 arrest because of "District Attorney

12  Discharge 06/08/2014."  (*Id.* at 7.)

13  The Court dismissed the FAC, again concluding that the complaint failed to sufficiently

14  identify the arrests at issue or allege facts that give rise to a plausible inference of a lack of

15  probable cause.  Plaintiff was granted leave to amend his Section 1983 false arrest claims, but his

16  state law claims were dismissed with prejudice because Plaintiff had again failed to allege

17  compliance with the California Tort Claims Act.  (Dkt. No. 20.)   Plaintiff was given specific

18  instructions regarding amendment of his false arrest claim(s).

19  Plaintiff thereafter filed a document entitled "Response to Second Amended Complaint,"

20  which the Court construes as his Second Amended Complaint ("SAC").  The document has 17

21  lines of text and reads as follows:

22  
23  
24  
25  
26  
27  
28  
> Pursuant to justice for myself Donald R. Henry I have attempted to follow the rules and protocols of the court.  I feel the defendants are not reading my information because I have turned in information regarding dates of arrest, place of arrest, names of arresting officers, and basically all pertinent information regarding this case.  I would like to point out that the arresting officers seem to have a pattern of entrapment arrest cases. The Officers Biggs #1760 and Officer Cortes #842 these officers appear to have a pattern of entrapment i.e. asking citizens did they have prescription drugs to sale, why me did the officers feel I was predisposed to stand on a corner and sale drugs, or did some other officer inform them that they feel I look like a drug dealer and be on the look out for me. It appears nationwide distrust in police military style tactics, false arrest, over

> reaching of their duties, harassment entrapment, and dehumanizing citizens. State law regarding civil relief gives me the right to pursue this matter, which after three years I am suffering from depression mental health issues, loss of income, and the overall sense of injustice at the hands of the ones who swore to protect and serve. Mind you I have never been convicted of a crime in the City of San Francisco and I am a veteran who prays this matter will be resolved in my favor.

(Dkt. No. 21.) Defendant has again moved to dismiss the complaint for failure to state a claim. (Dkt. No. 22.) Plaintiff has not filed an opposition and did not appear for oral argument held on October 30, 2014 at 9:00 a.m.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Under Federal Rule of Civil Procedure 8(a)(2) a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554 (internal citations and quotations omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the

1  reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556
2  U.S. 662, 129 S.Ct. 1937, 1950 (2009).
3        Pro se pleadings are generally liberally construed and held to a less stringent standard.
4  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010),
5  the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that
6  "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly
7  in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of
8  any doubt." *Id*. at 342 (internal quotations and citations omitted).   Nevertheless, the Court may
9  not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of*
10  *the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
11        If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if
12  no request to amend the pleading was made, unless it determines that the pleading could not
13  possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.
14  2000) (en banc) (internal quotation marks and citations omitted).   However, the Court may deny
15  leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on
16  the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
17  undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of
18  amendment." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing
19  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added)).

## DISCUSSION

21        Defendant moves to dismiss under Rule 12(b)(6) contending that Plaintiff again fails to
22  state a claim for false arrest under 42 U.S.C. § 1983, and any claim he might make would be time-
23  barred based on the evidence previously submitted.   The only arguably new allegation in
24  Plaintiff's Second Amended Complaint are that "The Officers Biggs #1760 and Officer Cortes
25  #842 these officers appear to have a pattern of entrapment i.e. asking citizens did they have
26  prescription drugs to sale, why me did the officers feel I was predisposed to stand on a corner and
27  sale drugs, or did some other officer inform them that they feel I look like a drug dealer and be on
28  the look out for me." (Dkt. No. 21.)  However, this allegation, as with Plaintiff's other duplicative

allegations, fails to state a claim upon which relief could be granted.

To state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To make a valid claim for false arrest, the plaintiff "must plead facts that would show [defendant] ordered or otherwise procured the arrests and the arrests were without probable cause." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012).

In dismissing Plaintiff's FAC, the Court concluded that Plaintiff's allegations were insufficient to demonstrate that he had been subject to false arrest. Further, the Court advised Plaintiff that his claims might be barred by the two year statute of limitations which governs his section 1983 claims. Thus, the Court provided specific instructions regarding amendment of Plaintiff's claims and cautioned him that any amended complaint must include detailed allegations which (1) identify, by date, each incident of false arrest; (2) allege facts sufficient to support a plausible inference that he was arrested on each challenged occasion without probable case; and (3) allege facts sufficient for the Court to infer that his claims are not barred by the statute of limitations. (Dkt. No. 20 at 7:24-8:5.) Finally, the Court again reminded Plaintiff that he could contact the District's Legal Help Desk for assistance with his claims. (*Id.* at 8:7-9.)

Liberally reading the SAC, along with the documents attached to Plaintiff's various pleadings, it appears Plaintiff may be challenging at least his June 2010 arrest with which Officer Biggs and Officer Cortes appear to have been involved. Such a claim, however, still fails. First, despite being given several opportunities, Plaintiff has not set forth any facts that give rise to a plausible inference that he was arrested without probable cause. Plaintiff's assertion that the officers were "asking citizens did they have prescription drugs to sale," is inadequate to state a claim for false arrest. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("[t]o prevail on his § 1983 claim for false arrest and imprisonment, [Plaintiff] would have to demonstrate that there was no probable cause to arrest him."). Indeed, the police report he attached to his complaint supplies the probable cause.

Second, Plaintiff's claim for false arrest arising out of his June 2010 arrest is barred by the

6

two-year statute of limitations. *Heck v. Humphrey*, 512 U.S. 477 (1994), does not save his claim. While the charges arising from the arrest may not have been dismissed until 2013, the Supreme Court has held that the statute of limitations on a section 1983 claim for false arrest begins to run when the plaintiff is detained pursuant to legal process, that is, the date he was arraigned or bound over for trial. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). The documents attached to the complaint show that Plaintiff was arraigned on the charges in October 2010, more than two years before he filed this lawsuit. (Dkt. No. 1 at 13.) And Plaintiff has not identified any other reason why the statute of limitations would be tolled. The same statute of limitations bar applies to all of the arrests alluded to in Plaintiff's filings.

Third, Plaintiff has also not alleged a basis for holding the City liable for his claims regarding these two officers. While a "person" for purposes of § 1983 includes municipalities, such entities cannot be held accountable for their employees' acts under a respondeat superior theory. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690 (1978). Plaintiff has not included allegations which would allow the Court to infer that he was subject to false arrest pursuant to a formal governmental policy or a longstanding practice or custom as would be required to establish *Monell* liability.

In sum, although "[t]he factual allegations of the complaint need only plausibly suggest an entitlement to relief," Plaintiff's allegations here do not do so. *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011). The Court cannot infer that Plaintiff was arrested without probable cause, and Plaintiff's pleadings establish that any claim based on the June 2010 arrest, or any of the other arrests alluded to in the complaint, is time barred. Plaintiff's SAC is therefore dismissed.

Finally, the Court must decide whether to grant Plaintiff leave to amend a third time. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies"

*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal citations and quotation marks omitted).  Plaintiff has been given two prior opportunities to amend his complaint and specific instructions regarding how to plead his claims and yet Plaintiff has repeatedly failed to cure the deficiencies.  Under these circumstances, and especially because his own pleadings show his claim is barred by the statute of limitations and Plaintiff has not identified any basis for tolling, the Court concludes that further amendment would be futile and the SAC should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant's unopposed Motion to Dismiss the Second Amended Complaint is GRANTED.  (Dkt. No. 22.) The action is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: October 30, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge